IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1999 SESSION

FILED

March 12, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| SAMUEL S. MINTON, | ) | C.C.A. NO.  03C01-9806-CC-00197 |
| | ) | |
| Defendant/Appellant | ) | |
| | ) | BRADLEY COUNTY |
| v. | ) | |
| | ) | |
| STATE OF TENNESSEE, | ) | HON. R. STEVEN BEBB, JUDGE |
| | ) | |
| Appellee | ) | (Post-conviction relief) |

FOR THE APPELLANT:

Samuel Minton
#233225
P.O. Box 2000
Wartburg, TN  37887-2000

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

R. Stephen Jobe
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN  37243-0493

OPINION FILED _____

AFFIRMED
JOHN K. BYERS
SENIOR JUDGE

## O P I N I O N

The petitioner appeals from the summary dismissal of his petition for post-conviction relief.

We affirm the judgment of the trial court.

In June of 1994, the petitioner was convicted of ten serious felonies. All but one of the convictions were affirmed by this Court, and the Supreme Court denied permission to appeal on January 27, 1997. On January 29, 1998, the petitioner filed a petition for post-conviction relief in which he alleged ineffective assistance of counsel. On March 27, 1998, the trial court found the petition failed to state colorable causes for relief and dismissed the petition without appointment of counsel or an evidentiary hearing.

The petitioner only alleged the attorney who represented him was ineffective because he failed to furnish to him all the papers and documents of his case so that he could determine whether there might be grounds for the filing of a post-conviction proceeding. This does not state a colorable ground for relief and did not require appointment of counsel or an evidentiary hearing.

The petitioner, on appeal, raised for the first time a claim of a denial of due process under the 14th Amendment of the Constitution of the United States for the failure of counsel to furnish these documents. This issue was not raised in the trial court and we will not consider it on this appeal.

It appears the petitioner has mistaken the type of remedy, if any, he might have to obtain the documents he seeks. A petition for post-conviction relief and the Post-Conviction Relief Act is a vehicle to permit the determination of legitimately raised issues of constitutional deprivation in the convicting process. It is not for the purpose of asserting other supposed rights.

The judgment of the trial court is affirmed. It appearing that the defendant is indigent, costs of the appeal are taxed to the State.

_____
John K. Byers, Senior Judge

CONCUR:

-3-

_____
James Curwood Witt, Jr., Judge


_____
Norma McGee Ogle, Judge